# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WARD,<br><br>                    Plaintiff,<br><br>        v.<br><br>TOM VOSS, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:06-cv-00311-AWI-SMS PC<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, AND FINDING COMPLAINT STATES A COGNIZABLE CLAIM<br><br>(Doc. 11)<br><br>ORDER REFERRING MATTER BACK TO MAGISTRATE JUDGE TO INITIATE SERVICE OF PROCESS |

Plaintiff Ronald Ward is a civil detainee housed at the Coalinga State Hospital. Plaintiff filed the Complaint in this action on March 21, 2006. Plaintiff is proceeding pro se and in forma pauperis, and filed suit under 42 U.S.C. § 1983 for the violation of his rights under the First Amendment of the United States Constitution. Because Plaintiff is proceeding in forma pauperis, the Court must screen his complaint and dismiss if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). On April 16, 2008, the Magistrate Judge issued Findings and Recommendations recommending dismissal of this case for failure to state a claim. Plaintiff filed Objections on May 14, 2008.

The claims in this action arise from events which occurred in March of 2006 at Coalinga State Hospital. Plaintiff, along with other detainees, engaged in a protest over changes to the telephone system and typewriters. The protest involved picketing with handmade signs in a common area at the hospital known as "the Mall." The group picketing was small and stood

quietly in the area with their signs made with construction paper and felt tip markers. Hospital officials responded by initially telling the group they could not loiter and must leave, and then telling them the next day that they were impeding traffic, which Plaintiff disputes. Among other changes, officials then withdrew "the Mall" as a common area detainees were allowed to sign out to, prohibited the use of felt tip markers and paper larger than legal size, and deemed any protest signs to be contraband. Plaintiff contends that all of the changes to the rules and the actions by officials were directed at stifling the detainees' rights to free speech and assembly.

Plaintiff has a recognized right to associate to engage in protected First Amendment activities such as speech and assembly. Roberts v. United States Jaycees, 468 U.S. 609, 618, 104 S.Ct. 3244 (1984). Plaintiff is civilly detained in a state hospital, and as a result, some curtailment of his rights may be expected. Overton v. Bazzetta, 539 U.S. 126, 131, 123 S.Ct. 2162 (2003); Hydrick v. Hunter, 500 F.3d 978, 991 (9th Cir. 2007). Consideration of whether hospital officials' actions impermissibly infringed upon Plaintiff's rights requires a balancing of Plaintiff's rights with the State's interests in institutional safety and security. Hydrick, 500 F.3d at 990. Because a balancing of those rights and interests requires the parties to make an evidentiary showing as to their positions, the Court is not in a position to make a determination at the pleading stage. Barrett v. Belleque, No. 06-35667, 2008 WL 4291159, *1 (9th Cir. Sept. 22, 2008).

Rule 8(a) requires only a short and plain statement of the claim. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008). Plaintiff has stated a cognizable First Amendment claim, and his allegations are sufficient to place the defendants named in the complaint on notice as to the bases for the claim against them. Id. Therefore, service is appropriate as to all named defendants and the Court HEREBY ORDERS as follows:

    1.    The Court declines to adopt the Findings and Recommendations;

    2.    The Court finds that Plaintiff's Complaint states a cognizable First Amendment claim; and

///

3.  This matter is referred back to the Magistrate Judge for the initiation of service of process.

IT IS SO ORDERED.

Dated:  October 15, 2008                               /s/ Anthony W. Ishii
                                              CHIEF UNITED STATES DISTRICT JUDGE